

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BELINDA LONELL DAVIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:18-CV-562-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Belinda Lonell Davis, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

**I. Factual and Procedural History**

In 2007 petitioner was indicted in Palo Pinto County, Texas, Case No. 13414, for capital murder in the murder-for-hire of her husband, Roy Dean Davis, by James Neil Cook. (Clerk's R. 1, 12-2.) On July 9, 2010, a jury found petitioner guilty of the offense and she was sentenced to an automatic life sentence without parole. (Id. at 52-53.) The trial court's judgment of

conviction by jury was affirmed on appeal and, on December 5, 2012, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. (Docket Sheet 2, doc. 12-1.) Petitioner did not seek writ of certiorari in the United States Supreme Court. (Pet. 4, doc. 2.) On February 20, 2014,[1] petitioner filed a state habeas-corpus application challenging her conviction, which was denied by the Texas Court of Criminal Appeals on October 8, 2014, without written order. (SHR-02[2] 65, doc. 12-28; Action Taken, doc. 12-25; Mot. 1, doc. 12-27.) Petitioner's motion for reconsideration was denied on October 22, 2014. (Mot. 1, doc. 12-27.) Thereafter, on August 10, 2016, petitioner filed a motion for DNA testing under Chapter 64 of the Texas Code of Criminal Procedure, which was denied by the trial court on August 25, 2016.[3] (Clerk's R. of DNA Proceeding 14, doc. 12-17.) The order of denial was affirmed on appeal and the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. (Pet'r's Mot. to Supp. 1, doc. 16.) Petitioner filed this federal habeas-corpus petition challenging

---

[1] A pro se prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's application does not provide that date; thus, for purposes of this opinion, the application is deemed filed on the date it was signed by petitioner.

[2] "SHR-02" refers to the record of petitioner's state habeas proceeding in WR-81,468-02. The record is not paginated, therefore the pagination in the ECF header is used.

[3] The motion is deemed file on the date it was signed by petitioner.

her conviction on July 2, 2018.[4] (Pet. 16, doc. 2.)

## II. Issues

In the petition, petitioner raises the following grounds for habeas relief:

(1) the evidence is insufficient to support the jury's verdict;

(2) petitioner possesses new evidence of her innocence that was not previously presented;

(3) petitioner received ineffective assistance of trial and sentencing counsel; and

(4) the trial court's decision to deny her motion for DNA testing was contrary to clearly established federal law.

(Id. at 6-11.) She also claims that she is entitled to an evidentiary hearing. (Pet'r's Mem. in Support 15, doc. 1.) Respondent contends that the petition is untimely under the federal one-year statute of limitations. (Resp't's Preliminary Answer 15-19, doc. 14.)

## III. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

---

[4]Similarly, a pro se prisoner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

3

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's judgment of conviction by jury became final upon expiration of the time that she had for filing a petition for writ of certiorari in the United States Supreme Court on March 5, 2013. *See Jimenez v. Quarterman,* 555 U.S. 113, 119-20 (2009); SUP. CT. R. 13. Thus, the limitations period

4

commenced the next day and expired one year later on March 5, 2014, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statutory provision, petitioner's state habeas application tolled the limitations period for 245 days, making her federal petition due on or before November 5, 2014. However, petitioner's motion for DNA testing filed on August 10, 2016, after limitations had already expired did not operate to further toll the one-year period. *See Hudson v. Quarterman*, 508 F.3d 236, 239-40 (5th Cir. 2007); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Thomas v. Stephens*, No. 4:13-CV-875-A, 2014 WL 929031, at *2 (N.D.Tex. Mar. 7, 2014); *Bustamante v. Thaler*, No. 4:10-CV-452-A, 2010 WL 3784205, at *2 (N.D.Tex. Sept. 28, 2010).

Petitioner asserts that her petition is timely as to the "DNA issue" under ground four because the order denying DNA testing only recently became final on direct review. (Pet'r's Reply 1, doc. 15.) She further asserts that, "[g]iven the draconian measures against movants pursuing successive habeas corpus petitions in federal court," she waited until she had exhausted her claims in state court so as to present the claims in a single federal habeas-corpus petition. (Id. at 2.) Thus, she submits that grounds one and three should also be considered

5

timely-filed and decided on their respective merits. (Id.)

While a DNA proceeding under Chapter 64 of the Texas Code of Criminal Procedure is considered "other collateral review" for purposes of statutory tolling under § 2244(d)(1)(2), it is not the triggering event for the statute of limitations applicable to petitioner's attack on her conviction or sentence. *See Hudson*, 508 F.3d at 240. A challenge to the denial of DNA testing under Chapter 64 is an attack on a proceeding collateral to a prisoner's conviction and detention, and, regardless of how petitioner "frames" the issue, such a challenge is not cognizable on federal habeas review. (Pet'r's Reply 6, d0c. 15.) *See Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *Wright v. Quarterman*, No. 4:06-CV-563-A, 2007 WL 3285754, at * 2 (N.D.Tex. Jan. 3, 3007). Because petitioner fails to demonstrate that additional statutory tolling is applicable, her petition is untimely unless she is entitled to tolling as a matter of equity.

To justify equitable tolling, a petitioner must show (1) that she has been pursuing her rights diligently and (2) that some extraordinary circumstance stood in her way and prevented her from filing a timely petition or she can make a "convincing showing" that she is actually innocent of the crime for which she was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). A petitioner attempting to

6

overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find [her] guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The petitioner bears the burden to establish that equitable tolling is justified. *Holland*, 560 U.S. 649.

Petitioner asserts that she does not raise a claim that equitable tolling is applicable, and, instead, "submits that the Suspension Clause is violated by the AEDPA's one-year statute of limitations on habeas corpus petition." (Pet'r's Reply 2, doc. 15.) Fifth Circuit precedent provides that AEDPA's statute of limitations does not violate the Suspension Clause of Article 1, § 9 of the Constitution unless it "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000). While acknowledging Fifth Circuit precedent on the issue, petitioner nevertheless urges that "in weighing the competing factors in this matter," her case "concerns grave violations of [her] constitutional rights and must be decided on the merits." (Id. at 5.) This court however is bound by that precedent until such time, if ever, that the Fifth Circuit or the United States

7

Supreme Court overrules it. Moreover, petitioner fails to show how the limitations period made the habeas remedy inadequate or ineffective for her, since nothing prevented her from filing a petition before the limitations period expired. Her lack of knowledge of filing deadlines does not justify equitable tolling. *See Felder v. Johnson,* 204 F.3d 168, 172 (5th Cir. 2000).

Finally, contrary to her assertion, petitioner's actual-innocence claim may create a basis for equitable tolling. Petitioner contends that she is actually innocent based on new evidence in the form of a sworn statement from her sister "that corroborates [petitioner's] testimony regarding conversations with Cook and reflects the fact her contact with Cook was unrelated to the [murder]." (Pet. 8, doc. 1.) However, petitioner fails to provide a copy of the statement to the court. Petitioner's bare and conclusory assertion of actual innocence is not sufficient to satisfy the burden of proof necessary to establish actual innocence. *See Ross v. Estelle,* 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Accordingly, petitioner's federal petition was due on or before November 5, 2014. Her petition filed on July 2, 2018, is therefore untimely.

For the reasons discussed, it is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, DISMISSED as time-barred. Petitioner has not

made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED May 1, 2019.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE